## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **ANDREW R. PERRONG, on behalf of himself and all others similarly situated,** | ) ) | |
| | ) | **C.A. No.: 1:18-cv-** |
| **Plaintiff,** | ) | |
| **v.** | ) | **Class Action** |
| | ) | |
| **LIBERTY POWER CORP, L.L.C.,** | ) | **Jury Demanded** |
| | ) | |
| **Defendant.** | ) | |

## <u>COMPLAINT</u>

Comes now Andrew R. Perrong ("Plaintiff"), on behalf of himself and all others similarly situated, and alleges as follows:

1.      Plaintiff is bringing this class action against Liberty Power Corp, L.L.C. ("Liberty Power" or "Defendant") for its violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the regulations promulgated thereunder (the "TCPA").

2.      Defendant, using an automatic telephone dialing system, caused to be made at least one (1) call to Plaintiff on his Voice Over Internet Protocol ("VOIP") telephone using a prerecorded or artifical voice, without Plaintiff's prior express permission, to encourage him to purchase energy services from Defendant.  Plaintiff was charged for this call.

3.      This call violated the TCPA, which prohibits the making of any advertising or telemarketing telephone calls to a residential telephone, cellular telephone or to a telephone number assigned to any service for which the person to whom the call was made is charged for the call, using an automatic telephone dialing system and/or an artificial or prerecorded voice without the prior express permission of the person to whom the call is made.

4.      For the past four (4) years, Defendant has made thousands of identical or substantially similar calls to the cellular telephones, residential telephones and to telephone numbers assigned to any service for which the person to whom the call was made is charged for the call, of thousands of persons throughout the United States without obtaining the prior express consent of the persons being called. Accordingly, Plaintiff is bringing this class action.

## PARTIES

5.      Andrew Perrong is a resident of Pennsylvania.

6.      Upon information and belief, Liberty Power is a Delaware limited liability company with its principle place of business in Fort Lauderdale Florida.

## JURISDICTION AND VENUE

7.      This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331.

8.      Venue is this judicial district is proper under 28 U.S.C. § 1391(b)(1) because this is a judicial district in which Defendant resides.

## STATUTORY BACKGROUND

### The TCPA

9.      The TCPA generally prohibits a person from making any telephone call using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or to a telephone number assigned to any service for which the person to whom the call was made is charged for the call, without the prior express consent of the person to whom the call was made. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. §§ 64.1200(a)(1)(iii).

Case 1:18-cv-00712-MN   Document 1   Filed 05/11/18   Page 3 of 10 PageID #: 3

10.     The TCPA generally prohibits a person from initiating or causing to be initiated any telephone call that introduces an advertisement or constitutes telemarketing using an artificial or prerecorded voice to a residential telephone, any telephone number assigned to a cellular telephone service or any telephone phone number assigned to any service for which the person to whom the call was made is charged for the call, without the prior express written consent of the person to whom the call is made. 47 U.S.C. § 227(b)(1)(A)(iii), (b)(1)(B); 47 C.F.R.  §§ 64.1200(a)(1)(iii), (a)(2).

11.     The TCPA defines the term "automatic telephone dialing system" as "equipment which has the capacity--  (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and  (B) to dial such numbers." 47 U.S.C. § 227(a)(1).  *Accord* 47 C.F.R. § 64.1200(f)(2).

12.     The TCPA defines the term "advertisement" as "any material advertising the commercial availability or quality of any property goods, or services."  47 C.F.R. § 64.1200(f)(1).

13.      The TCPA defines the term "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

14.     Paragraph (3) of 47 U.S.C. § 227(b) provides:

(3) Private right of action

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State --

(A)     an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)     an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)      both such actions

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

## DEFENDANT'S ILLEGAL CONDUCT

15.      Plaintiff's VOIP telephone number is 215-338-3458.

16.      Upon information and belief, on March 13, 2018, Defendant, without Plaintiff's prior express consent, using an automatic telephone dialing system, within the meaning of the TCPA, made, initiated and/or caused to be initiated a telephone call to Plaintiff's VOIP telephone number, for which call Plaintiff was charged, using a prerecorded or artificial voice which, in substance, said that Defendant could provide Plaintiff with a discount on Plaintiff's energy bill and directed Plaintiff to press 1 to speak to an account representative. After Plaintiff pressed 1, a person with whom Plaintiff spoke over the telephone identified the caller as Liberty Power, i.e., Defendant.

17.      Plaintiff believes that Defendant used an automatic telephone dialing system within the meaning of the TCPA to call Plaintiff's VOIP telephone line because the prerecorded or artificial voice used in the telephone calls was generic, impersonal and was aimed at a mass audience to convince people to obtain a discount on their energy bills by speaking with an account representative.

18.      Plaintiff suffered an ascertainable loss as a result of the above-described telephone call because Plaintiff was charged for the above-described call from Defendant.

19.      Plaintiff additionally suffered concrete harm as a result of the above-described telephone call in that the telephone call tied up Plaintiff's telephone line, invaded Plaintiff's privacy and wasted Plaintiff's time.

20.     At the time Plaintiff received Defendant's above-described telephone call, VOIP telephone number was on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government.  47 C.F.R. § 64.1200(c)(2).

21.     Upon information and belief, over the last four years, Defendant, using an automatic telephone dialing system within the meaning of the TCPA, and/or an artificial or prerecorded voice, made thousands of telephone calls to cellular telephones, to telephone numbers assigned to any service for which the person to whom the call was made is charged for the call, and residential telephones of thousands of persons throughout the United States, without having received written prior express consent from the called parties, which calls were identical or substantially similar to those that Defendant made to Plaintiff.

## CLASS ALLEGATIONS

22.     Plaintiff brings this class action on behalf of himself and all others similarly situated, under Rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure, for Defendant's violations of the TCPA.

23.     Plaintiff seek to represent one classes of individuals ("the Class") defined as follows:

All persons in the United States, from four years prior to the filing of the instant Complaint through the date of the filing of the instant Complaint, to whom, without obtaining the persons' prior express consent, Defendant, using an automatic telephone dialing system as defined in the TCPA, and/or an artificial or prerecorded voice made, initiated and/or caused to be initiated any calls to the persons' cellular telephones, residential telephone or to telephone numbers assigned to any service for which the person to whom the call was made is charged for

the call, which calls were identical or substantially similar to those that Defendant made to Plaintiff.

24.     Numerosity: The Class is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective Class members through this class action will benefit both the parties and this Court.

25.     Upon information and belief, the Class contains at a minimum thousands of members.

26.     Upon information and belief, the size of the Class and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's telephone call records.

27.      Members of the Class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to the Classes and deemed necessary and/or appropriate by the Court.

28.     Typicality:  Plaintiff's claims are typical of the claims of the members of the Classes.  The claims of the Plaintiff and members of the Classes are based on the same legal theories and arise from the same unlawful conduct.

29.     Defendant, using an automatic telephone dialing system within the meaning of the TCPA, and/or an artificial or prerecorded voice, made, initiated and/or caused to be initiated at least one telephone call to Plaintiff and each member of the Class without obtaining the called parties' written prior express consent, which call was identical or substantially similar to the call that Defendant made to Plaintiff.

30.    <u>Common Questions of Fact and Law</u>:  There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Classes.

31.    The questions of fact and law common to Plaintiff and the Class predominate over questions which may affect individual members and include the following:

(a)    Whether Defendant's conduct of using an automatic telephone dialing system within the meaning of the TCPA, and/or an artificial or prerecorded voice, to make, initiate or cause to be initiated at least one telephone call to Plaintiff and each member of the Class, without obtaining the called parties' written prior express consent, which call was identical or substantially similar to the call that Defendant made to Plaintiff, violated the TCPA?

(b)    Whether Plaintiff and the members of the Class are entitled to statutory damages from Defendant under the TCPA?

(c)    Whether Defendant's violations of the TCPA were willful or knowing?

(d)    Whether Plaintiff and the members of the Class are entitled to up to triple statutory damages under the TCPA from Defendant for Defendant's willful and knowing violations of the TCPA?

(e)    Whether Plaintiff and the members of the Class are entitled to a permanent injunction under the TCPA enjoining Defendant from continuing to engage in its unlawful conduct?

32.    <u>Adequacy of Representation</u>:  Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Class and has no interests antagonistic to the members of the Class.  Plaintiff has retained

counsel who are competent and experienced in litigation in the federal courts and class action litigation.

33.    <u>Superiority</u>:  A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be awarded to the members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. The likelihood of the individual members of the Class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

34.    <u>Injunctive Relief</u>:  Defendant has acted on grounds generally applicable to Plaintiff and members of the Class thereby making appropriate final injunctive relief with respect to Plaintiff and the members of the Classes A.

## **AS AND FOR A FIRST CAUSE OF ACTION**

35.    Plaintiff repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

36.     By Defendant's above-described conduct, Defendant committed thousands of violations of the TCPA against Plaintiff and members of the Class.

37.     Accordingly, Plaintiff and the members of the Class are entitled to statutory damages from Defendant under 47 U.S.C. § 227(b)(3) of greater than $5,000,000 and an injunction against Defendant ordering it to cease their violations of the TCPA.

38.     If it is found that Defendant willfully and/or knowingly violated the TCPA, Plaintiff and the members of the Class request an increase by the Court of the damage award against Defendant, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations, which amounts to greater than $15,000,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

A.     An order certifying the Class and appointing Plaintiff as the representative of the Classes and appointing the law firms representing Plaintiff as counsel for the Classes;

B.     An award to Plaintiff and the members of the Class of more than $5,000,000 against Defendant for its violations of the TCPA;

C.     If it is found that Defendant willfully and/or knowingly violated the TCPA, Plaintiff and the members of the Class request an increase by the Court of the damage award against Defendant, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations, which amounts to greater than $15,000,000;

D.     An injunction against Defendant, on behalf of Plaintiff and the members of the Class, prohibiting Defendant from violating the TCPA; and

E.      Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.


                        Respectfully submitted,

                        **LAW OFFICE OF MARY HIGGINS, LLC**

                By:     */s/Mary Higgins*
                        Mary Higgins, Esquire (ID #4179)
                        Mary Anne McLane Detweiler, Esquire (ID #3415)
                        University Office Plaza
                        Commonwealth Building, Suite 201
                        260 Chapman Road
                        Newark, DE 19702
                        (phone) 302-525-6607
                        (fax)  302-525-6618
                        mary.higgins@letsbelegal.com
                        Counsel for Plaintiff

Dated:  May 10, 2018


                        Aytan Y. Bellin, Esq.
                        (Motion for Admission *Pro Hac Vice* to be
                        filed shortly)
                        **BELLIN & ASSOCIATES LLC**
                        50 Main Street, Suite 1000
                        White Plains, NY 10606
                        Tel: (914) 358-5345
                        Fax: (212) 571-0284
                        E-mail: aytan.bellin@bellinlaw.com
                        *Attorneys for Plaintiff and the Proposed Class*