WHITEFORD, TAYLOR & PRESTON LLC

CHAD J. TOMS
PARTNER
DIRECT LINE (302) 357-3253
DIRECT FAX (302) 357-3273
ctoms@wtplaw.com

THE RENAISSANCE CENTRE, SUITE 500
405 NORTH KING STREET
WILMINGTON, DE 19801-3700

MAIN TELEPHONE (302) 353-4144
FACSIMILE (302) 661-7950

DELAWARE*
DISTRICT OF COLUMBIA
KENTUCKY
MARYLAND
MICHIGAN
NEW YORK
PENNSYLVANIA
VIRGINIA

WWW.WTPLAW.COM
(800) 987-8705

April 30, 2019

BY ECF
Hon. Maryellen Noreika, U.S.D.J.
U.S. District Court, D. Del.
844 N. King Street
Wilmington, DE 19801

Re: *Perrong v. Liberty Power Corp.*, 1:18-cv-712 (MN)

Dear Judge Noreika:

I, and Aytan Y. Bellin of Bellin & Associates LLC, who is admitted *pro hac vice*, represent Plaintiff Andrew Perrong and the proposed Class in the above-entitled case. We are writing this letter pursuant to Your Honor's April 1, 2019 Order requiring each of the parties "to submit a letter to the Court identifying any district court or appellate court opinions issued since November 14, 2018 that have addressed the constitutionality of the [TCPA]." Doc. No. 41.

We have identified one appellate court and two district court opinions that have been issued since November 14, 2018, that have addressed the constitutionality of the TCPA.

In *Schaevitz v. Braman Hyundai*, *Inc.*, 1:17 cv 23890 (KMM) (S.D. Fla. March 25, 2019) (attached hereto as Exhibit A), the Court ruled that the exception in the TCPA for calls made solely to collect a debt owed or guaranteed by the United States (the "Government-Debt Exception"), did not render the TCPA unconstitutional because even if that exception were invalid under the First Amendment, it would be severable from the remainder of the TCPA both because of the Supreme Court's general case law on severability and because of an unambiguous severability clause that applies to the TCPA. Exhibit A at 18-19. The *Schaevitz* Court also concluded that it did not need to decide whether the

**Whiteford, Taylor & Preston LLC is a limited liability company. Our offices outside of Delaware operate under a separate Maryland limited liability partnership, Whiteford, Taylor & Preston L.L.P.*

Government-Debt Exception is content based or content neutral because that exception satisfies both strict and intermediate scrutiny. *Id.* at 19-21. The Court held, among other things, that the Federal government has a compelling interest in collecting debts owed to it and that the "Government-Debt Exception is narrowly tailored permitting calls only to recipients who owe a debt to the federal government, and thus would not result in an unlimited proliferation of the exempted category of automated calls." *Id.* at 20-21 (internal quotation marks omitted).

In *Wijesinha v. Blugreen Vacations Unlimited, Inc.*, 1:19 cv 20073 (CMA) (S.D. Fla. April 3, 2019) (attached hereto as Exhibit B), the Court held that it did not need to decide the validity of the Government-Debt Exception under the First Amendment because even if the Government-Debt Exception were unconstitutional, "the proper action would be to sever the offensive provisions" while allowing the rest of the TCPA to remain in force. Exhibit B at 8-9. Significantly, the *Wijesinha* Court found the Third Circuit's decision in *Rappa v. New Castle Cty.*, 18 F.3d 1043, 1073 (3rd Cir. 1994) — which is relied on by Defendant Liberty Power Corp. here and stated that "the proper remedy for content discrimination generally cannot be to sever the statute so that it restricts more speech than it did before" — to be inapposite because *Rappa* found severance "only an in inappropriate remedy 'absent quite specific evidence of a legislative preference for elimination of the exception.'" *Id.* at 9-10 (quoting *Rappa*, 18 F.3d at 1073). The *Wijesinha* Court held that in context of the Government-Debt Exception, "specific evidence of Congress's legislative preference for elimination of the exception is shown by the fact Congress enacted the TCPA without the government-debt exception, which was not added until 2015." *Id.* at 10.

In *American Association of Political Consultants, Inc. v. F.C.C.*, --- F.3d ---, 2019 WL 1780961 (4th Cir. Apr. 24, 2019) (attached hereto as Exhibit C), the Fourth Circuit held that the Government-Debt Exception violated the First Amendment, but that the Government-Debt Exception was severable from the remainder of the TCPA, which would remain in force. *Id.* at **1-9. In making its ruling, the Fourth Circuit relied on Supreme Court's "strong preference for a severance" when one portion of a statute is constitutionally infirm, and the fact that a severance of the Government-Debt Exception "will not undermine the automated call ban." *Id.* at *9. The Fourth Circuit also relied on a severability provision in 47 U.S.C. § 608 — which applies to the TCPA and directs that "if any part of the TCPA 'is held invalid. . .the remainder shall not be affected'" — which "creates 'a

presumption that Congress did not intend the validity of the statute in question to depend on the validity of the constitutionally offensive provision.'" *Id.* (quoting *Alaska Airlines v. Brock*, 480 U.S. 678, 686 (1087)).

  I am available at the convenience of the Court should Your Honor have any questions.

               Respectfully,

               /s/ Chad J. Toms
               Chad J. Toms, Esq. (#4155)
               Partner

CJT:trr
Encls.
cc: Aytan Bellin, Esquire, Esq. (by ECF)
   Laura D. Hatcher, Esq. (by ECF)
   Jennifer Lynne Hall, Esq. (by ECF)
   Alexandra Rogin, Esquire (by ECF)
   Anjali Motgi, Esquire (by ECF)

*10064657*