

# U.S. Department of Justice

*United States Attorney*
*District of Delaware*

---

*The Hercules Building*
*1313 N. Market Street, Suite 400*
*P. O. Box 2046*                                            *(302) 573-6277*
*Wilmington, Delaware   19899-2046*          *FAX (302) 573-6220*

April 30, 2019

**Via CM/ECF**

The Honorable Maryellen Noreika
United States District Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, Delaware 19801

Re:   *Perrong v. Liberty Power Corp., L.L.C.*, C.A. No. 18-712-MN

Dear Judge Noreika:

Please accept this letter in response to the Court's April 1, 2019 Oral Order to "submit a letter to the Court identifying any district court or appellate court opinions issuing since November 14, 2018 that have addressed the constitutionality of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227." (D.I. 41.)  To government counsel's knowledge, the below three district court opinions are all of those responsive to the Court's order.

- *Marc Schaevitz v. Braman Hyundai, Inc.*, No. 17-cv-23890 (S.D. Fla. March 25, 2019), ECF No. 62, attached hereto as Exhibit A:

  o   The *Schaevitz* court held that the TCPA, as amended in 2015, is constitutional, and declined to "determine whether the statute is content-based or content-neutral because it survives both strict and intermediate scrutiny."  Slip Op. at 20.  The Court determined that the TCPA serves a compelling interest of protecting privacy and is narrowly tailored to that interest, because it leaves open ample alternative avenues for dissemination of speech.  *Id.*  In addition, the Court noted that the government-debt exception would be severable from the remainder of the TCPA because Congress enacted the TCPA without it, and because the Communications Act of 1934 contains an unambiguous "separability" provision that applies to the TCPA.  *Id.* at 18-19.

- *Shehan Wijesinha v. Bluegreen Vacations Unlimited, Inc.*, No. 19-cv-20073 (S.D. Fla. April 3, 2019), ECF No. 29, attached hereto as Exhibit B.

  o   The *Wijesinha* court held that, if it "were to find the amended TCPA unconstitutional, the proper action would be to sever the offensive provisions" – specifically, the government-debt exception – because a legislative preference for severance is "shown by the fact Congress enacted the TCPA without the government-debt exception," and the pre-amendment TCPA has repeatedly been

held to be constitutional.    Slip Op. at 9.   The court explained that because, "a finding of severability would cure the constitutional defect and preclude invalidation of the entire statute," and because "Plaintiff's cause of action does not implicate the 2015 amendments," Plaintiff's claim "survives whether the amendments are stricken or not."   Accordingly, the court declined to reach the question of the constitutionality of the TCPA, as amended in 2015.   *Id.* at 10.

- ***American Association of Political Consultants, et al. v. Federal Communications Commission, et al.***, No. 18-1588, 2019 WL 1780961 (4th Cir. April 24, 2019), ECF No. 39, attached hereto as Exhibit C.

  o The Fourth Circuit in *AAPC* determined that the government-debt exception is content based and fails to satisfy strict scrutiny because it represents a significant exception to the TCPA's otherwise broad prohibition on the use of non-consensual ATDS technology, and because the speech that falls within the exception implicates the same privacy concerns that motivated the enactment of that prohibition.   2019 WL 1780961 at *5-8.    However, the Fourth Circuit determined that the unconstitutional government-debt exception could and should be severed, first, because the TCPA operated for twenty-four years without it and, second, because an applicable statutory severance provision governs the TCPA.   *Id.* at *8-9.

For the Court's convenience, the United States has attached the foregoing three opinions to this letter (Exhibits A-C).

Respectfully submitted,

DAVID C. WEISS
United States Attorney

JOSEPH H. HUNT
Assistant Attorney General

ERIC R. WOMACK
Assistant Director, Federal Programs Branch

/s/ Anjali Motgi
ANJALI MOTGI
Trial Attorney (TX Bar No. 24092864)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St., NW
Washington, DC 20530
Tel: (202) 305-0879
Fax: (202) 616-8470
Anjali.Motgi@usdoj.gov

3

                                        BY:      /s/Jennifer L. Hall
                                                       Jennifer L. Hall (#5122)
          Assistant United States Attorney
          1313 N. Market Street, Suite 400
          Wilmington, Delaware 19899-2046
          Telephone 302-573-6277
          Jennifer.hall@usdoj.gov

cc:     All Counsel of Record
       (via CM/ECF)