**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

_____

|  |  |  |
|---|---|---|
| ANDREW R. PERRONG, | ) | |
| on behalf of himself and | ) | |
| all other similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-000712-MN |
| | ) | |
| LIBERTY POWER CORP, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

_____

**<u>DEFENDANT LIBERTY POWER CORP. LLC'S MOTION TO STAY PROCEEDINGS</u>**

Defendant Liberty Power Corp, LLC ("Defendant" or "Liberty Power"), by and through

its counsel, respectfully moves this Court to stay proceedings pending the resolution of Liberty

Power's petition for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) ("§ 1292(b) petition")

to the U.S. Court of Appeals for the Third Circuit ("Third Circuit").  In support thereof, Liberty

Power states as follows.

**I.       <u>Introduction</u>**

Plaintiff, Andrew Perrong ("Plaintiff"), alleges that Liberty Power called his telephone

number on March 13, 2018 using an automated telephone dialing system ("ATDS") and an

artificial or prerecorded voice, in violation of the Telephone Consumer Protection Act, 47 U.S.C.

§ 227 *et seq.* (the "TCPA").  (D.I. 1).  Plaintiff seeks to recover purported "damages" on behalf of

himself and a putative class.  (*Id.*).  Liberty Power denies both that it placed the call in question

and that the call violated the TCPA.

On September 30, 2019, this Court ruled that the TCPA violated the First Amendment's

free speech clause (the "Order").  (D.I. 48).  However, the Court determined that this constitutional

1

deficiency could be remedied by severing the debt-collection exemption from the remainder of the statute.  (*Id.*).  In response, on October 30, 2019, Liberty Power filed with this Court its Motion to Amend Order Denying Motion to Dismiss and to Certify Interlocutory Appeal.

In the event this Court and the Third Circuit permit Liberty Power to appeal the Court's Order regarding the severability of the government debt-collection exemption, Liberty Power respectfully requests that the Court stay this case pending the Third Circuit's resolution of Liberty Power's § 1292(b) petition.  A stay pending appeal will not unduly prejudice—nor present a clear tactical disadvantage to—Plaintiff.  A stay will simplify the issues for trial, and in fact may resolve critical issues upon which Plaintiff's claim relies.  Furthermore, this case is in its infancy, as discovery has not yet begun and a trial date has not yet been set.  Therefore, a stay is warranted.

## II.     Legal Summary

This Court has authority under 28 U.S.C. § 1292(b) to stay a case pending an appellate court's ruling on an interlocutory appeal.  *Flying Tiger Line, Inc. v. Cent. States, Sw. & Se. Areas Pension Fund*, 1986 WL 14904, at \*3 (D. Del. Dec. 4, 1986); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (stating that the power of a court to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (stating that a district court has "broad discretion to stay proceedings as an incident to its power to control its own docket") (citing *Landis*, 299 U.S. at 254).  In exercising this discretion, the Court must weigh the competing interests of the parties and attempt to maintain even fairness.  *See Landis*, 299 U.S. at 254–55.

Courts typically consider three factors in deciding whether a stay is appropriate:

(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party, i.e., the balance of harms; (2) whether a stay will simplify

the issues in question and trial of the case; and (3) whether a stay will promote judicial economy, e.g., how close to trial has the litigation advanced.

*Alsoy v. Ciceksepeti Internet Hizmetleri Anonim Sirketi*, 232 F. Supp. 3d 613, 620 (D. Del. 2017); *see also Cheyney State Coll. Faculty v. Hufstedler*, 703 F.2d 732, 737–38 (3d Cir. 1983).[1] Here, each of these factors weighs strongly in favor of granting a stay.

## III.    Argument

### A.    A Stay Will Not Unduly Prejudice, nor Present a Clear Tactical Disadvantage to, Plaintiff

A stay in this case will not prejudice, nor create a clear tactical disadvantage to, Plaintiff. Assessing whether a party is unduly prejudiced or presented with a clear tactical disadvantage "does not occur in a vacuum." *ImageVision.Net, Inc. v. Internet Payment Exchange, Inc.*, 2012 WL 5599338, at *2 (D. Del. Nov. 15, 2012). Instead, "the concept of undue prejudice demands a reference point. It is not enough that a non-movant simply be harmed by a decision to stay—it must be *unduly* prejudiced . . . ." *Id.* (emphasis in original). Similarly, a finding of a clear tactical advantage "requires the court to determine that its stay decision would place the non-movant at a disadvantage relative to its adversary." *Id.* "Undue prejudice and clear tactical disadvantage are more likely to exist where the grant of a stay imposes a greater burden on the non-movant than its denial would inflict on the movant." *Id.*

A stay here will not unduly prejudice or present a clear tactical disadvantage to Plaintiff. A short stay would not impose any great burden on Plaintiff. This case is in the early stages of litigation, and a delay, by itself, does form the basis of a claim for undue prejudice. *See id.* (citing

---

[1] The U.S. Supreme Court has stated that when a district court decides whether to stay a case pending the outcome of a different case in the same forum, "the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward . . . ." *Landis*, 299 U.S. at 255. The suit here is the same in two different forums. This consideration, therefore, is inapplicable for purposes of this Motion.

*Wall Corp. v. Bonddesk Grp.*, 2009 WL 528564 (D. Del. Feb. 24, 2009)). While a stay may delay resolution of the litigation, this fact alone is insufficient to preclude the relief requested. *See Enhanced Sec. Research, LLC v. Cisco Systems, Inc.*, 2010 WL 2573925, at *3 (D. Del. June 25, 2010). Instead, the stay must create *undue*—or particularly excessive or egregious—prejudice, or present a *clear* tactical disadvantage to the non-movant. This heightened standard of inequity does not exist where, as here, a delay in the proceedings is the sole impact. There exists no risk that Plaintiff will suffer irreparable damages during the pendency of an appeal, as Plaintiff could be compensated monetarily in the very same way if he were to ultimately succeed on the merits of his claims. *See Reyes v. Freebery*, 2004 WL 1737683, at *5 (D. Del. July 30, 2004) (considering whether plaintiff would be irreparably harmed by a stay in evaluating prejudice to the parties).

Similarly, a stay would not cause Plaintiff to be presented with a clear tactical disadvantage. Plaintiff's success or failure in this case is not dependent upon an immediate resolution of his claim. Instead, staying proceedings here will allow the Third Circuit to clarify a critical issue upon which Plaintiff's claim rests: namely, whether the government debt-collection exemption is severable, or whether the entirety of the TCPA should be invalidated as unconstitutional. A stay, therefore, has no substantive impact on Plaintiff's ability to litigate his case. Because the only detrimental impact of a stay on Plaintiff's case is a delay in the proceedings, this factor weighs in favor of a stay.

### B.   A Stay Will Simplify the Issues in Question for Trial

A stay will simplify the issues in question for trial in this case. Plaintiff's questionable claim against Liberty Power—that Liberty Power's alleged telephone call to Plaintiff violated the TCPA—is premised, in part, on the TCPA's constitutionality. If the Third Circuit determines that the unconstitutional government debt-collection exemption is not severable from the TCPA, then

the TCPA must be stricken in its entirety.  If the TCPA is unconstitutional, then Plaintiff's claim

fails; Plaintiff cannot allege a violation of a statute when the statute itself is invalid.  Therefore, it

is critical to resolve whether the unconstitutional provision is severable from the remainder of the

TCPA before this matter can proceed.  Otherwise, Plaintiff's claim may rest upon an alleged

violation of an unconstitutional statute.  Because a stay will defer, and potentially nullify, the need

for expending any further resources to this case, which may be mooted entirely by a Third Circuit

ruling, this factor weighs in favor of a say.  *See UCB, Inc. v. Hetero USA Inc*., 277 F. Supp. 3d

687, 690 (D. Del. 2017) (finding that where an appellate decision could moot some or all of

plaintiff's claims, the "potential for simplification of the issues" was "significant", and that factor

supported a stay).

### C.      A Stay Will Promote Judicial Economy

Not only will the Third Circuit's ruling on the TCPA's constitutionality "make or break"

Plaintiff's case, it will also save the Court and parties from the time and expense of needless

discovery and motion practice.  "[A]ll district courts have an interest in efficiently managing their

dockets," and a stay pending resolution of an appeal having the potential to distinguish this action

would promote judicial economy.  *Reyes*, 2004 WL 1737683, at * 5 (citing *In re Adelphia

Communs. Secs. Litig*., 2003 U.S. Dist. LEXIS 9736, at *15 (E.D. Pa. May 14, 2013)).

In evaluating this factor, courts also consider whether discovery is complete and a trial date

has been set.  *See, e.g., First Am. Title Ins. Co. v. MacLaren, LLC*, 2012 WL 769601, at *4 (D.

Del. Mar. 9, 2012).  Staying a case in its early stages "can be said to advance judicial efficiency

and maximize the likelihood that neither the Court nor the parties expend their assets addressing

invalid claims."  *Senorx, Inc. v. Hologic, Inc.*, 2013 WL 133255, at *5 (D. Del. July 2, 2013).

Alternatively, when a party moves to stay an advanced action, it is likely that "the Court and the

parties have already expended significant resources…and the principle of maximizing the use of judicial and litigant resources is best served by seeing the case through its conclusion." *Id.*

This case is in its infancy. Discovery has just commenced, and a trial date has not yet been set. Staying the case to permit the Third Circuit to resolve a § 1292(b) petition will ensure that the Court and the parties are not expending resources to address invalid claims. This factor therefore favors a stay.

### D.    A Number of Courts Have Permitted Stays in Nearly Identical Cases

A number of courts across the country have approved stays in nearly identical circumstances where the TCPA's constitutional scope is at issue on interlocutory appeal. *See Brickman v. Facebook, Inc.*, 2017 WL 1508719, at *5 (N.D. Cal. Apr. 27, 2017) (staying case pending the forthcoming ruling by the D.C. Circuit Court of Appeals in *ACA International v. FCC*, 15-211 (D.C. Cir.) on the constitutionality and scope of potential liability under the TCPA); *Holt v. Facebook, Inc.*, No. 4:16-cv-02266-JST (N.D. Cal.) (same) (ECF No. 86); *Gallion v. Charter Communications, Inc.*, 287 F. Supp. 3d 920, 933 (C.D. Cal. 2018) (same); *Flockhart v. Synchrony Bank*, 2017 WL 3276266, at *3 (N.D. Iowa Aug. 1, 2017) (same); *Rosales v. Heath*, 2017 WL 2533365, at *3 (D. Neb. June 9, 2017) (same). These trial courts all determined that allowing the case to proceed was inappropriate when critical constitutional questions regarding the TCPA remained unresolved at the appellate level. Accordingly, each concluded that a stay was appropriate pending interlocutory review.

Moreover, the U.S. Supreme Court soon may rule on legal issues exceedingly relevant to those at issue here. On October 17, 2019, the Defendant-Appellee in *Duguid v. Facebook, Inc.*, No. 17-15320 (9th Cir.) filed a Petition for Certiorari with the U.S. Supreme Court to consider in relevant part "[w]hether the TCPA's prohibition on calls made using an ATDS is an

unconstitutional restriction of speech, and if so whether the proper remedy is to broaden the prohibition to abridge more speech."[2]   At least one sister court within the Third Circuit has stayed proceedings pending the U.S. Supreme Court's review of matters closely related to the issues before the trial court. *See, e.g.*, *Powers v. Verizon Wireless Servs., LLC*, 2010 WL 11575014, at *2 (D.N.J. Oct. 10, 2010) (staying proceedings where "the Defendant advise[d] the Court that the United States Supreme Court [] has granted a petition for a writ of certiorari in another action concerning legal issues relevant here").   In the event the U.S. Supreme Court grants Facebook, Inc.'s petition for certiorari in the *Duguid* case, the outcome undoubtedly will impact the legal questions pertinent to this proceeding.

Therefore, a stay is appropriate, and Liberty Power asks this Court to follow the wave of courts that have stayed proceedings at the district level following an interlocutory review of the TCPA at the appellate level.

## IV.   <u>Conclusion</u>

All three factors, therefore, balance in favor of staying this case pending the Third Circuit's resolution of Liberty Power's § 1292(b) petition.   For those reasons, a number of district courts across the country have granted a stay in nearly identical instances where the constitutionality of the TCPA was at issue.   A stay is particularly relevant, whereas here, the U.S. Supreme Court soon may rule on questions of law directly relevant to those at issue here.

For the foregoing reasons, in the event that (1) this Court grants Liberty Power's Motion to Amend Order Denying Motion to Dismiss and to Certify Interlocutory Appeal and (2) the Third

---

[2] A copy of the petition to the United States Supreme Court in the *Duguid* case is attached as Exhibit A to Defendant's Motion to Amend Order Denying Motion to Dismiss and to Certify Interlocutory Appeal.

Circuit grants Liberty Power's § 1292(b) petition, Liberty Power respectfully requests that the Court stay this case pending the Third Circuit's resolution of the § 1292(b) appeal.

ECKERT SEAMANS CHERIN & MELLOTT, LLC

*/s/ Alexandra D. Rogin*
Alexandra D. Rogin, Esq. (Bar No. 6197)
222 Delaware Avenue, 7th Floor
Wilmington, DE 19801
Telephone: 302-552-2935
Facsimile: 302-574-7401
arogin@eckertseamans.com
*Attorney for Defendant*

ECKERT SEAMANS CHERIN & MELLOTT, LLC

Charles A. Zdebski, Esq. (*admitted pro hac vice*)
Robert J. Gastner, Esq. (*admitted pro hac vice*)
Jeffrey P. Brundage, Esq. (*of counsel*)
1717 Pennsylvania Ave., N.W., 12th Floor
Washington, D.C. 20006
Telephone: 202-659-6676
czdebski@eckertseamans.com
jbrundage@eckertseamans.com
jgastner@eckertseamans.com
*Co-counsel for Defendant*

Dated: October 30, 2019

## <u>LOCAL RULE 7.1.1 CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1.1, counsel for Defendant has made a reasonable effort to reach agreement with Plaintiff on the matters set forth in Defendant Liberty Power Corp., LLC's Motion to Stay Proceedings, and Plaintiff's counsel has indicated that Plaintiff does not consent to the relief requested by this Motion.

<div style="margin-left: 40%;">

Respectfully submitted,

ECKERT SEAMANS CHERIN & MELLOTT, LLC

*/s/ Alexandra D. Rogin*
Alexandra D. Rogin, Esq. (Bar No. 6197)
222 Delaware Avenue, 7th Floor
Wilmington, DE 19801
Telephone: 302-552-2935
Facsimile: 302-574-7401
arogin@eckertseamans.com
*Attorney for Defendant*

Charles A. Zdebski, Esq. (*admitted pro hac vice*)
Robert J. Gastner, Esq. (*admitted pro hac vice*)
Jeffrey P. Brundage, Esq. (*of counsel*)
1717 Pennsylvania Ave., N.W., 12th Floor
Washington, D.C. 20006
Telephone: 202-659-6676
czdebski@eckertseamans.com
jbrundage@eckertseamans.com
jgastner@eckertseamans.com
*Co-counsel for Defendant*

</div>

Dated: October 30, 2019